UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANTY M. POWELL,<br>　　　　Petitioner,<br>　v.<br>STU SHERMAN,<br>　　　　Respondent. | Case No. 19-cv-00018-EMC<br><br>**ORDER DENYING REQUEST FOR COUNSEL AND EXTENDING DEADLINES**<br><br>Docket Nos. 9, 10, 15 |

　　　　The petition for writ of habeas corpus in this action alleges the following claims: (1) the trial court's failure to provide "instructions relating intoxication to heat of passion" violated Petitioner's right to a fair trial, Docket No. 1 at 21; (2) trial counsel provided ineffective assistance of counsel by not requesting such instructions, *id.*; (3) the trial court's instruction that the jury could not consider the fact that witnesses Carter and Rich were in state custody for purposes of evaluating their credibility violated Petitioner's constitutional rights to due process, to present a defense, and to have the jury determine every material issue presented, *see id.* at 40, 44.

　　　　Petitioner has filed a motion for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The first and third claims in the petition were briefed on direct appeal by counsel representing Petitioner. The second claim was not presented

on appeal, but is simply the ineffective-assistance-of-trial-counsel overlay to the first claim that *was* briefed on direct appeal by counsel representing Petitioner. The issues presented by the petition also are not particularly complicated. For these reasons, Petitioner's request for appointment of counsel is **DENIED**. Docket Nos. 9, 10.

Respondent's request for an extension of the deadline to file an answer to the petition for writ of habeas corpus is **GRANTED**. Docket No. 15. The Court now sets the following new deadlines: Respondent must file and serve his answer to the petition no later than **July 12, 2019.** Petitioner must file and serve his traverse no later than **August 9, 2019**.

**IT IS SO ORDERED**.

Dated: June 13, 2019

_____
EDWARD M. CHEN
United States District Judge